**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District Of Delaware**
(State)

Case number *(if known):* _____21-_____    Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Hospitality Investors Trust, Inc.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **American Realty Capital Hospitality Trust, Inc.** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **80-0943668** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **Park Avenue Tower, 65 East 55th Street** | |
| Number          Street | Number          Street |
| **Suite 801** | |
| | P.O. Box |
| **New York,**          **NY**     **10022** | |
| City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **United States** | |
| County | Number          Street |
| | |
| | City          State     Zip Code |

5. **Debtor's website** (URL)     http://www.hitreit.com/

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Hospitality Investors Trust, Inc.**                                    Case number *(if known)*        21-
_____
Name

**7. Describe debtor's business**

   A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

   B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5313 (Activities Related to Real Estate)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☒ A plan is being filed with this petition.

   ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____  When _____  Case number _____
                                    MM/DD/YYYY
          District _____  When _____  Case number _____
                                      MM/DD/YYYY

**10. Are any bankruptcy cases pending or being filed by a**

☐ No
☒ Yes.   Debtor   **See Rider 1**           Relationship _____

| Debtor | **Hospitality Investors Trust, Inc.** | Case number *(if known)* | 21- |
|---|---|---|---|
| | Name | | |

| | business partner or an affiliate of the debtor? | District | | When | |
| | List all cases. If more than 1, attach a separate list. | Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

| | Number | Street |
|---|---|---|

| | City | | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | | |
|---|---|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

[1] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

| Debtor | **Hospitality Investors Trust, Inc.** | Case number *(if known)* | 21- |
|---|---|---|---|
| | Name | | |

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **05/19/2021**
MM/ DD / YYYY

✗    /s/ *Jonathan P. Mehlman*                          Jonathan P. Mehlman
Signature of authorized representative of debtor      Printed name

Title    **Chief Executive Officer & President**

**18. Signature of attorney**

✗    /s/ *Jeremy W. Ryan*                    Date    **05/19/2021**
Signature of attorney for debtor                      MM/DD/YYYY

**Jeremy W. Ryan**

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street**
Number            Street

**Wilmington**                    **DE**        **19801**
City                            State        ZIP Code

**(302) 984-6000**                jryan@potteranderson.com
Contact phone                    Email address

**4057**                    **DE**
Bar number                State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____21-_____    Chapter _____11_____

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hospitality Investors Trust, Inc.

| COMPANY | CASE NUMBER |
|---|---|
| Hospitality Investors Trust, Inc. | 21-_____(---) |
| Hospitality Investors Trust Operating Partnership, L.P. | 21-_____(---) |

Official Form 201A (12/15)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| **HOSPITALITY INVESTORS TRUST, INC.,** *et al.,*[1] | Case No. 21-_____ (___) |
| **Debtors.** | (Joint Administration Requested) |

### Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.  If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   000-55394   .

2.  The following financial data is the latest available information and refers to the debtor's condition on   March 31, 2021   .

    a.  Total assets                 $  1,701,867,000

    b.  Total debts (including debts listed in 2.c., below)   $  1,360,423,000

    c.  Debt securities held by more than 500 holders

|  |  |  |  | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $  N/A | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ _____ | _____ |

    d.  Number of shares of preferred stock          1

    e.  Number of shares common stock            39,082,625

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Hospitality Investors Trust, Inc. (3668) and Hospitality Investors Trust Operating Partnership, L.P. (0136).  The Debtors' executive offices are located at Park Avenue Tower, 65 East 55th Street, Suite 801, New York, NY 10022.

Official Form 201A (12/15)

Comments, if any: _____

_____

_____

3.   Brief description of debtor's business:   **Hospitality Investors Trust, Inc. is a self-managed real estate investment trust that invests primarily in premium-branded select-service lodging properties in the United States.**

_____

4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

_____

_____

_____

**SECRETARY'S CERTIFICATE**

**OF**

**HOSPITALITY INVESTORS TRUST, INC.**

May 19, 2021

The undersigned General Counsel and Secretary of the Corporation hereby certifies as follows:

1.      I am the duly elected and qualified General Counsel and Secretary of the Corporation.

2.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of the resolutions (the "<u>Bankruptcy Resolutions</u>")[1] duly adopted by the board of directors of the Corporation, authorizing the Debtors to commence the Chapter 11 Cases in the United States Bankruptcy Court for the District of Delaware.  Due to the large volume of the exhibits attached to the Bankruptcy Resolution, they have been omitted for purposes hereof, but are available to any party upon request to the Debtors' bankruptcy counsel.

This Secretary's Certificate may be executed in several counterparts, including, without limitation, by facsimile or other electronically delivered counterparts, each of which shall constitute an original and all of which, taken together, shall constitute one and the same instrument.

*[Signature page follows]*

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Bankruptcy Resolutions.

**IN WITNESS WHEREOF**, I have hereunto set my hand as of the date set forth above.

**HOSPITALITY INVESTORS
TRUST, INC.**, a Maryland corporation

By: _____

Name: Paul C. Hughes
Title:  General Counsel and Secretary

I, Bruce A. Riggins, being the Chief Financial Officer and Treasurer of the Corporation, do hereby certify in my capacity as Chief Financial Officer and Treasurer of the Corporation that Paul C. Hughes is the duly elected and qualified General Counsel and Secretary of the Corporation and that the signatures appearing above and on Annex E hereto are his genuine signatures.

By: _____

Name: Bruce A. Riggins
Title:  Chief Financial Officer and Treasurer

## EXHIBIT A

**Bankruptcy Resolutions**

## RESOLUTIONS FOR CONSIDERATION AT A MEETING
## OF THE BOARD OF DIRECTORS OF
## HOSPITALITY INVESTORS TRUST, INC.

### May 19, 2021

**WHEREAS**, on June 11, 2020, the Board of Directors (the "Board") of Hospitality Investors Trust, Inc., a Maryland corporation (the "Corporation" and together with its subsidiaries, the "Company"), established the Special Conflicts Committee of the Board (the "Special Conflicts Committee") and delegated to the Special Conflicts Committee the authority and duties set forth in the charter of the Special Conflicts Committee; and

**WHEREAS**, after due deliberation and after consultation with management and legal and financial advisors, the Special Conflicts Committee has determined that entry into the *Restructuring Support Agreement*, by and among the Corporation, Hospitality Investors Trust Operating Partnership, L.P. ("Opco"), and Brookfield Strategic Real Estate Partners II Hospitality REIT II LLC (the "Brookfield Investor"), in substantially the form attached hereto as Exhibit A (the "RSA") and the transactions contemplated thereby are advisable, fair to, and in the best interests of the Company and its stakeholders, and has recommended to the Board that the Board approve the RSA and the transactions contemplated thereby, including without limitation:

(i)     the transactions contemplated by the Plan to be filed by each of the Corporation and Opco (each, a "Debtor" and together, the "Debtors") in voluntary prepackaged cases of reorganization to be commenced by each of the Debtors under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, as well as the commencement, filing and prosecution of such cases (the "Chapter 11 Cases");

(ii)    the entry by the Debtors into a super-priority senior secured debtor-in-possession delayed draw term loan facility (as it may be amended, modified and supplemented in accordance with its terms, the "DIP Facility") in an aggregate principal amount of up to $65,000,000, to be provided by the Brookfield Investor, of which up to $30,000,000 will be made available to the Debtors on a joint and several basis as new-money loans upon the entry of the Interim DIP Financing Order (as defined in the DIP Credit Agreement) and the satisfaction of the conditions precedent set forth therein and in the DIP Credit Agreement; and

(iii)   entry by the Corporation into the CVR Agreement, pursuant to which each holder (except for an affiliate of the Brookfield Investor) of a share of the Corporation's common stock, par value $0.01 per share ("Common Stock"), shall be entitled to one contingent value right for each share owned as of immediately prior to the Effective Date (as defined in the Plan) pursuant to the Plan.

and authorize the Corporation's officers, in the name and on behalf of the Corporation for itself and, in its capacity as general partner of Opco, for Opco, to execute, deliver, and cause the Corporation and Opco to perform their respective obligations thereunder and to take, or cause to be

taken, all such further actions as in any such officer's judgment may be necessary or advisable in order to carry out fully the intent and accomplish the purposes of the foregoing; and

**WHEREAS**, all capitalized terms not defined herein shall have the meaning ascribed to such terms in the RSA; and

**WHEREAS**, the Corporation and Opco and/or certain subsidiaries thereof are counterparty and/or guarantor with respect to the Loan Agreements, the Management Agreements, the Franchise Agreements, and the Ground Leases (collectively, the "Third Party Agreements"); and

**WHEREAS**, the Company has sought and received various consents and amendments (the "Third Party Restructuring Documents") with respect to the Third Party Agreements in connection with the RSA and the transactions contemplated thereunder, certain of which have been previously approved by the Board prior to the date hereof; and

**WHEREAS**, the receipt, and continued effectiveness, of the Third Party Restructuring Documents is necessary to successfully consummate the transactions contemplated under the RSA; and

**WHEREAS**, the Corporation is the general partner of Opco, and the directors of the Corporation desire to approve the following resolutions on behalf of the Corporation and Opco; and

**WHEREAS**, each director of the Corporation has had the opportunity to consult with management and the legal and financial advisors of the Corporation to fully consider each of the strategic alternatives available to each Debtor; and

**WHEREAS**, each director of the Corporation has determined that it is desirable and in the best interests of the Company and its creditors, equityholders, and other parties in interest that the Debtors enter into the RSA and to undertake other actions related thereto; and

**WHEREAS**, in furtherance of the foregoing, each director of the Corporation desires to approve the following resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that the transactions contemplated hereby be, and they hereby are, authorized, adopted, and approved in all respects.

## 1. Entry Into the Restructuring Support Agreement

**RESOLVED**, that the Board has determined, after consultation with the management and the legal and financial advisors of the Corporation, that it is desirable and in the best interests of the Company, its creditors, equityholders, and other parties in interest, that the Debtors enter into the RSA.

**RESOLVED**, that: (a) any Authorized Person (defined below) shall be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors, to execute and deliver the RSA, cause the Debtors to perform their obligations thereunder, and take such actions

and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents as any Authorized Person may deem necessary or appropriate to facilitate the RSA, including the documents attached as exhibits thereto and referenced or described therein (collectively, the "RSA Documents"); (b) the RSA Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and verification of all agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive, but not exclusive, evidence of such Authorized Person's approval thereof and the necessity or desirability thereof.

## 2. Authority to Commence Chapter 11 Cases

RESOLVED, the Board has determined, after consultation with the management and the legal and financial advisors of the Corporation, that it is desirable and in the best interests of the Company, its creditors, equityholders, and other parties in interest, that the Debtors commence the Chapter 11 Cases and hereby authorizes the Debtors to commence the Chapter 11 Cases in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

RESOLVED, that any Authorized Person shall be, and hereby is, authorized, empowered, and directed to execute, file and prosecute in the name and on behalf of the Debtors all petitions, schedules, motions, lists, applications, pleadings, and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including, without limitation, negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with the transactions and professional retentions set forth in these resolutions, with a view to the successful prosecution of the Chapter 11 Cases.

## 3. Obtainment of Debtor-in-Possession Financing

RESOLVED, that entry into the DIP Facility is advisable and in the best interest of the Company and each Debtor shall be, and hereby is, authorized to: (a) enter into the DIP Credit Agreement, each other Loan Document (as defined in the DIP Credit Agreement) and any associated agreements, instruments, certificates and other documents, and perform their obligations thereunder; (b) consummate the transactions contemplated therein and thereby (collectively, the "DIP Facility Transactions"), including the incurrence of the loans under the DIP Facility, on such terms substantially consistent with the DIP Credit Agreement attached as Exhibit B to the RSA, with any changes deemed necessary or appropriate by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Debtors; and (c) pay related fees and grant liens upon and security interests in favor of the Administrative Agent (as defined in the DIP Credit Agreement), for the benefit of the Lenders (as defined in the DIP Credit Agreement), in substantially all of the Debtors' assets, but excluding, for the avoidance of doubt, any pledge of equity interests in their subsidiaries, in each case, as may be deemed

necessary or desirable by any Authorized Person in connection with the DIP Facility Transactions or as otherwise required by the DIP Facility Documents (as defined below); and

RESOLVED, that: (a) any Authorized Person shall be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors, as debtor and debtor in possession, to take, or cause to be taken, all such actions and negotiate, execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guaranties, swap agreements, notices and any and all other documents as any Authorized Person may deem necessary or appropriate to facilitate the DIP Facility Transactions, including the DIP Credit Agreement, each other Loan Document, and all other agreements and documents contemplated by the RSA and the DIP Credit Agreement (collectively, the "DIP Facility Documents"); (b) DIP Facility Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or desirable by any Authorized Person are hereby authorized and approved, including any amendment thereof or supplement thereto required or desirable to consummate any of the DIP Facility Transactions; and (c) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery, and verification of all agreements, certificates, instruments, guaranties, notices, financing statements, or other filings with respect to collateral, and other documents, shall be conclusive, but not exclusive, evidence of such Authorized Person's approval thereof and the necessity or desirability thereof.

## 4.  Plan, Disclosure Statement, and Restructuring Documents

RESOLVED, that the preparation and delivery to the Brookfield Investor of a disclosure statement (the "Disclosure Statement"), ballot, and other related documents to solicit the Brookfield Investor's acceptance of a chapter 11 plan of reorganization consistent with the Plan and as may be further approved, modified, or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Debtors be, and it hereby is, authorized, approved, ratified and confirmed in all respects;

RESOLVED, that upon the due delivery to Epiq Corporate Restructuring, LLC of a ballot accepting the Plan by the Brookfield Investor, the Debtors, as debtors and debtors in possession under chapter 11 of the Bankruptcy Code, shall be, and hereby are, authorized to: (a) (i) execute and file the Plan, and (ii) file the Disclosure Statement, and any associated documents, and consummate, and perform under, the transactions contemplated therein and the Plan as may be further approved, modified, or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Debtors (the "Restructuring Transactions"); and (b) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Person in connection with the RSA, DIP Credit Agreement, Plan and/or Disclosure Statement and the Restructuring Transactions or as otherwise required by the Restructuring Documents (as defined below); and

RESOLVED, that (a) any Authorized Person shall be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors, as debtors and debtors in possession, to take such actions and execute, acknowledge, deliver, and verify the Plan and Disclosure Statement, and such agreements, certificates, notices, and any and all other documents as any Authorized Person may deem necessary or appropriate in connection with the Plan, the Disclosure Statement and any other related documents including any engagement letters, commitment letters, fee letter, or other documents in connections with the incurrence of

indebtedness contemplated thereby (the "<u>Restructuring Documents</u>") and the Restructuring Transactions; (b) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; (c) any Authorized Person shall be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors, as debtors and debtors in possession, to authorize counsel to draft, file, and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (d) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery and, verification of all agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive, but not exclusive, evidence of such Authorized Person's approval thereof and the necessity or desirability thereof.

## 5.  Contingent Value Rights Agreement

RESOLVED, that the Debtors shall be, and hereby are, authorized on the Effective Date to: (a) execute the CVR Agreement on such terms substantially consistent with the terms set forth in Exhibit A to the Plan and as may be further approved, modified, or amended by any Authorized Person, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Debtors, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified, or amended by any Authorized Person, as may be reasonably necessary or desirable for implementing the CVR Agreement (the "<u>CVR Transactions</u>"); and (b) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Person in connection with the CVR Agreement and the CVR Transactions or as otherwise required by the CVR Agreement and the CVR Transactions;

RESOLVED, that, pursuant to the Plan and Confirmation Order, on the Effective Date, each holder of a share of Common Stock shall be automatically deemed to have accepted the terms of the CVR Agreement and shall be automatically deemed to be a party thereto as if, and with the same effect as if, such holder had delivered a duly executed counterpart signature page to the CVR Agreement without any further action by any party; and

RESOLVED, that (a) any Authorized Person shall be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors, as debtors and debtors in possession, to take such actions and execute, acknowledge, deliver, and verify the CVR Agreement, and such agreements, certificates, notices, and any and all other documents as any Authorized Person may deem necessary or appropriate in connection with the CVR Agreement and any other related documents including any engagement letters, commitment letters, fee letter, or other documents in connections with the incurrence of indebtedness contemplated thereby (the "<u>CVR Documents</u>") and the CVR Transactions; (b) the CVR Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or desirable by any Authorized Person are hereby approved; (c) any Authorized Person shall be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors, as debtors and debtors in possession, to authorize counsel to draft, file and seek approval of the CVR Documents, including approval of the CVR Agreement and confirmation of the Plan; and (d) the actions of any Authorized Person taken pursuant to this resolution, including the execution, acknowledgement, delivery, and verification of all agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive, but not exclusive, evidence of such Authorized Person's approval thereof and the necessity or desirability thereof.

**6.    Retention of Professionals**

RESOLVED, that, any Authorized Person, be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors to employ the law firm of Proskauer Rose LLP as general bankruptcy counsel to represent and assist the Debtors in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Debtors' rights and obligations in the Chapter 11 Cases, the Restructuring Transactions, and all related matters, and any such prior actions are hereby ratified in their entirety;

RESOLVED, that, any Authorized Person, be, and hereby is, authorized, empowered and directed in the name and on behalf of the Debtors to employ the law firm of Potter Anderson & Corroon LLP, as Delaware bankruptcy counsel to represent and assist the Debtors in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Debtors' rights and obligations in the Chapter 11 Cases, the Restructuring Transactions, and all related matters, and any such prior actions are hereby ratified in their entirety;

RESOLVED, that, any Authorized Person, be, and hereby is, authorized, empowered and directed in the name and on behalf of the Debtors to employ the law firm of Morrison & Foerster LLP, as bankruptcy counsel to the independent directors of the Corporation to represent and assist the Debtors in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Debtors' rights and obligations in the Chapter 11 Cases, the Restructuring Transactions, and all related matters, and any such prior actions are hereby ratified in their entirety;

RESOLVED, that, any Authorized Person, be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors to employ Epiq Corporate Restructuring, LLC, as claims and noticing agent and administrative advisors in connection with the Chapter 11 Cases, the Restructuring Transactions, and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that, any Authorized Person, be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors to employ Jefferies LLC, as investment banker and financial advisor in connection with the Chapter 11 Cases, the Restructuring Transactions, and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

RESOLVED, that, any Authorized Person, be, and hereby is, authorized, empowered, and directed in the name and on behalf of the Debtors to employ any other professionals to assist the Debtors in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases, the Restructuring Transactions, and all related matters and to take any and all actions to advance the Debtors' rights and obligations;  and

RESOLVED, that, any Authorized Person is hereby authorized, empowered, and directed in the name and on behalf of the Debtors to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals as necessary, and any prior actions taken in connection therewith are hereby ratified in their entirety.

### 7. Third Party Restructuring Documents

RESOLVED, that the Third Party Restructuring Documents be, and they hereby are, authorized, approved, confirmed, and ratified in all respects to the extent not previously authorized, approved, confirmed or ratified.

### 8. SEC Filings

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of the Corporation, with the advice and assistance of counsel, to prepare, execute, deliver and file, or cause to be prepared, executed, delivered and filed, with the Securities and Exchange Commission and any other relevant body, all notices, reports, schedules, statements, documents and information required to be filed by the Corporation in connection with the transactions contemplated by the RSA, and otherwise in furtherance of the foregoing resolutions, pursuant to the Securities Act of 1933, as amended, and the Securities and Exchange Act of 1934, as amended (the "Exchange Act"), and all rules and regulations thereunder, or the rules for companies with a class of securities registered under the Exchange Act, including, without limitation, one or more Current Reports on Form 8-K and any other documents filed in connection therewith, including without limitation any press releases, as any Authorized Person deems necessary or appropriate

### 9. Omnibus Resolutions

RESOLVED, that any officer of the Corporation, each acting as an authorized person of Corporation, in the name and on behalf of the Corporation, and, if applicable, in its capacity as the general partner of Opco, in the name and on behalf of Opco (each, an "Authorized Person") be, and each hereby is, authorized to take all actions such Authorized Person deems necessary or appropriate to complete the transactions contemplated by the foregoing resolutions and all related matters and to execute, deliver, and file all such further documents, certificates, notices, or instruments as may be required or as such Authorized Person may deem necessary or appropriate in furtherance of or in connection with each of the foregoing resolutions, and to effectuate fully the purposes and intent thereof, subject to the specific provisions thereof;

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized to certify and deliver, to any person or entity to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Authorized Officer, a true copy of the foregoing resolutions and such statements as to the incumbency of the officers of the Corporation or Opco as may be requested;

RESOLVED, that the Authorized Persons be, and each of them hereby is, entitled to certify that these resolutions have been duly adopted, that they are in full force and effect and that they are in conformity with the governing documents of the Corporation and Opco;

RESOLVED, that the omission from these resolutions of any agreement or other arrangement or action contemplated by any of the agreements or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the

agreements or instruments (or any other action) described in the foregoing resolutions shall in no manner derogate from the authority of any officer, representative or agent of the Corporation, in any capacity, to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the purposes and intent of, the foregoing resolutions;

RESOLVED, that any and all actions previously taken by any Authorized Person in furtherance of the transactions and matters authorized or contemplated by the foregoing resolutions be, and they hereby are, ratified, approved, and confirmed in all respects and that said actions shall have the same force and effect as if they were taken with the prior approval of the applicable Debtor; and

RESOLVED, that the Authorized Persons be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the applicable Debtor, to take such other actions and to execute, deliver, and file all such further documents, certificates, notices or instruments as may be required or as such Authorized Persons may deem necessary or appropriate in furtherance of or in connection with each of the foregoing resolutions and to effectuate fully the purposes and intent thereof; provided, further, that it be, and it is hereby, confirmed that all such actions taken by such Authorized Persons are taken by such Authorized Persons as representatives of the applicable Debtor and not in their personal capacity.

## Exhibit A

## RSA[1]

---

[1] Including the following exhibits thereto: Exhibit [A] - Plan of Reorganization (including CVR Agreement), Exhibit [B] - DIP Credit Agreement, Exhibit [C] - Interim DIP Order, Exhibit [D] - Transfer and Joinder Agreement

A-1

[Intentionally Omitted]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **HOSPITALITY INVESTORS TRUST, INC.,** *et al.,*[1] | Case No. 21-_____(___) |
| **Debtors.** | (Joint Administration Requested) |

**CONSOLIDATED COMBINED CORPORATE OWNERSHIP**
**STATEMENT AND LIST OF EQUITY INTEREST HOLDERS**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (collectively, the "Debtors"), hereby states as follows:

1.    The following is a list of all corporations, other than governmental units, that directly or indirectly own 10% or more of any class of interests in Hospitality Investors Trust Operating Partnership, L.P.:

| Equity Holder | Nature of Interest Held | Unit Holdings and % Ownership |
|---|---|---|
| Hospitality Investors Trust, Inc. | General Partner Interest | 8,888 (100%) |
| | Limited Partner Interest | 39,073,736.675 (100%) |
| Brookfield Strategic Real Estate Partners II Hospitality REIT II LLC | Class C Preferred Units | 30,858,434.61 (100%) |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Hospitality Investors Trust, Inc. (3668) and Hospitality Investors Trust Operating Partnership, L.P. (0136).  The Debtors' executive offices are located at Park Avenue Tower, 65 East 55th Street, Suite 801, New York, NY 10022.

2.      The following is a list of all corporations, other than governmental units, that directly or indirectly own 10% or more of any class of interests in Hospitality Investors Trust, Inc.:[2]

| Equity Holder | Nature of Interest Held | Unit Holdings and % Ownership |
|---|---|---|
| Brookfield Strategic Real Estate Partners II Hospitality REIT II LLC | Redeemable Preferred Units | 1 (100%) |

---

[2]  The Debtors are requesting authority to limit their compliance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure by disclosing only those equity security holders that hold 5% or more of any class of interests in the Debtors.  *See Debtors' Motion for Entry of an Order (I) Scheduling, and Shortening Notice of, Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Prepackaged Plan; (II) Approving Procedures for Objecting to Disclosure Statement and Prepackaged Plan; (III) Approving Prepetition Solicitation Procedures, Form of Ballot, and Form and Manner of Notice of Commencement, Combined Hearing, and Objection Deadline; (IV) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (V) Conditionally (A) Directing the U.S. Trustee Not to Appoint a Creditors Committee, (B) Directing the United States Trustee Not to Convene Section 341(a) Meeting of Creditors and (C) Waiving Requirement of Filing Schedules and Statements, List of Equity Security Holders, and Rule 2015.3 Reports; and (VI) Granting Related Relief*, filed concurrently herewith.

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name:   Hospitality Investors Trust, Inc. | |
| United States Bankruptcy Court for the:     District of Delaware | |
| Case Number (If known): | |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WELLS FARGO BANK, N.A., AS TRUSTEE C/O KEYCORP REAL ESTATE CAPITAL MARKETS, INC. 11501 OUTLOOK STREET, SUITE 300 OVERLAND PARK, KS  66211 | CONTACT: SETH A. SMITH, SR ACCOUNT MANAGER PHONE: 913-317-4342 FAX: 877-379-1625 SETH_A_SMITH@KEYBANK.COM | $870,000,000 MORTGAGE LOAN | CONTINGENT | | | $707,800,000.00 |
| 2 | WILMINGTON TRUST, N.A., AS TRUSTEE C/O WELLS FARGO COMMERCIAL MORTGAGE 401 SOUTH TRYON STREET, 8TH FLOOR CHARLOTTE, NC  28202 | CONTACT: JOSEPH OLZEWSKI, AVP PHONE: 704-715-6522 FAX: 877-840-2849 JOSEPH.J.OLZEWSKI@WELLSFARGO.COM | $232,000,000 MORTGAGE LOAN | CONTINGENT | | | $232,000,000.00 |
| 3 | CITIBANK, N.A., AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT C/O CITIGROUP GLOBAL MARKETS INC. 388 GREENWICH STREET, 8TH FLOOR NEW YORK, NY  10013 | CONTACT: MICHAEL PICCIRILLO PHONE: 212-816-9193 MICHAEL.PICCIRILLO@CITI.COM | $310,000,000 TERM LOAN | CONTINGENT | | | $227,600,000.00 |
| 4 | NONGHYUP BANK, AS TRUSTEE C/O KEYCORP REAL ESTATE CAPITAL MARKETS, INC. 11501 OUTLOOK STREET, SUITE 300 OVERLAND PARK, KS  66211 | CONTACT: SETH A. SMITH, SR ACCOUNT MANAGER PHONE: 913-317-4342 FAX: 877-379-1625 SETH_A_SMITH@KEYBANK.COM | $100,000,000 MEZZANINE A LOAN | CONTINGENT | | | $81,350,000.00 |

**Debtor:** Hospitality Investors Trust, Inc.

**Case Number** (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5   CC6 INVESTMENT LTD. AND NC GARNET FUND, L.P. C/O DECHERT LLP CIRA CENTRE 2929 ARCH STREET PHILADELPHIA, PA  19104-2808 | CONTACT: MATTHEW B. GINSBURG, PARTNER PHONE: 215-994-2321 FAX: 215-994-2222 MATTHEW.GINSBURG@DECHERT.COM | $70,000,000 MEZZANINE B LOAN | CONTINGENT | | | $56,950,000.00 |
| 6   U.S. BANK N.A., AS TRUSTEE C/O MIDLAND LOAN SERVICES 10851 MASTIN, SUITE 300 OVERLAND PARK, KS  66210 | CONTACT: ANDY RAMSEY, SR. ASSET MANAGER PHONE: 913 521-6525 ANDREW.RAMSEY@MIDLANDLS.COM | $20,700,000 MORTGAGE LOAN | CONTINGENT | | | $18,400,000.00 |
| 7   WILMINGTON TRUST, N.A., AS TRUSTEE C/O WELLS FARGO COMMERCIAL MORTGAGE 401 SOUTH TRYON STREET, 8TH FLOOR CHARLOTTE, NC  28202 | CONTACT: REGGIE SMITH, ASSET MANAGER PHONE: 704-715-6171 FAX: 704-715-0036 REGGIE.SMITH@WELLSFARGO.COM | $10,500,000 MORTGAGE LOAN | CONTINGENT | | | $9,900,000.00 |
| 8   HUNTON ANDREWS KURTH LLP 2200 PENNSLYVANIA AVENUE NW WASHINGTON, DC  20037 | CONTACT: WENDELL L. TAYLOR PHONE: 202-955-1500 WTAYLOR@HUNTONAK.COM | TRADE DEBT | | | | $30,000.00 |
| 9   MARYLAND MECHANICAL SYSTEMS INC. 300 SOUTH HAVEN STREET BALTIMORE, MD  21224 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 410-327-4750 FAX: 410-563-1611 INFO@MARYMEC.COM | TRADE DEBT | | | | $29,660.00 |
| 10  LG FULFILLMENT- PONTE VEDRA BEACH FLORIDA 1102 A1A NORTH, SUITE 205 PONTE VEDRA BEACH, FL  32082 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 800-359-6741 SALES@LGFULFILLMENT.COM | TRADE DEBT | | | | $28,743.87 |
| 11  ARCTIC ENGINEERING CO., INC. 79 MAIN STREET EVERETT, MA  02149 | CONTACT: MARIA ARDAGNA PHONE: 617-389-2461 FAX: 617-381-0712 | TRADE DEBT | | | | $13,765.04 |
| 12  FRIEDRICH AIR CONDITIONING CO. LTD 10001 REUNION PL  500 SAN ANTONIO, TX  78216 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 210-546-0500 FAX: 210-546-0630 TAC@FRIEDRICH.COM | TRADE DEBT | | | | $11,531.56 |
| 13  KEITH LAWSON SERVICES, LLC 4557 CAPITAL CIR NW TALLAHASSEE, FL  32303 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 850-568-2600 FAX: 850-562-6779 SERVICE@KEITHLAWSON.COM | TRADE DEBT | | | | $10,481.00 |

**Debtor:** Hospitality Investors Trust, Inc.

**Case Number** (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14  ALBUQUERQUE PLUMBING HEATING & COOLING, INC 4300 SECOND STREET NW ALBUQUERQUE, NM  87107 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 505-508-3808 FAX: 505-508-0875 INFO@ABQPLUMBING.COM | TRADE DEBT | | | | $5,879.74 |
| 15  PEACH STATE ROOFING, INC. 1655-A SPECTRUM DRIVE LAWRENCEVILLE, GA  30043 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 770-962-7885 FAX: 770-962-7809 INFO@PEACHSTATEINC.COM | TRADE DEBT | | | | $4,325.00 |
| 16  POWER OUTAGE SERVICES COMPANY, LLC 461 BOSTON STREET UNIT E1 TOPSFIELD, MA  01983 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 877-701-0701 FAX: 978-887-6520 INFO@POWEROUT.US | TRADE DEBT | | | | $2,899.90 |
| 17  GUEST SUPPLY LLC 300 DAVIDSON AVENUE SOMERSET, NJ  08875 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 609-514-9696 INFO@GUESTWORLDWIDE.COM | TRADE DEBT | | | | $2,890.54 |
| 18  LEGACY HEATING & AIR CONDITIONING 6502 BLUFFTON ROAD FORT WAYNE, IN  46809 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 260-747-1800 FAX: 260-747-1818 ADMIN@LEGACYHEATING.COM; V.GRIFFIN@LEGACYHEATING.COM | TRADE DEBT | | | | $2,325.00 |
| 19  DALTON SERVICE, INC. 1220 SOUTH THORNTON AVE PO BOX 968 DALTON, GA  30722-0968 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 706-278-3011 FAX: 706-278-8718 | TRADE DEBT | | | | $1,128.00 |
| 20  CAPITOL DOCUMENT SOLUTIONS LLC 12115 L PARKLAWN DRIVE ROCKVILLE, MD  20852 | CONTACT: PRESIDENT/GENERAL COUNSEL PHONE: 301-230-9009 FAX: 301-230-9033 INFO@CAPITOLDS.COM | TRADE DEBT | | | | $628.06 |

Fill in this information to identify the case and this filing:

Debtor Name        Hospitality Investors Trust, Inc.

United States Bankruptcy Court for the:    **District of Delaware**

                                      (State)

Case number (If known): 21-

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ■   Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration    **Consolidated Combined Corporate Ownership Statement and List of Equity Interest Holders Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

    **05/19/2021**                ☒ */s/ Jonathan P. Mehlman*
    MM/ DD/YYYY             Signature of individual signing on behalf of debtor

                                      **Jonathan P. Mehlman**
                                      Printed name

                                      **Chief Executive Officer & President**
                                      Position or relationship to debtor

Official Form 202               Declaration Under Penalty of Perjury for Non-Individual Debtors