**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HOSPITALITY INVESTORS TRUST, INC., *et al.*, [1] | Case No. 21-10831 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 3-10, 12, 14-16, 36, 37, 39-43, & 45-48** |

### AFFIDAVIT OF SERVICE

STATE OF CONNECTICUT)
               ) ss.:
COUNTY OF MIDDLESEX )

ANGHARAD BOWDLER, being duly sworn, deposes and says:

1.  I am employed as a Director of Client Services by Epiq Corporate Restructuring, LLC, with their principal office located at 777 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2.  On May 20, 2021, I caused to be served  the:

    a.  "Declaration of Bruce A. Riggins in Support of Chapter 11 Filing and First Day Pleadings," dated May 19, 2021 [Docket No. 3], (the "Riggins Declaration"),

    b.  "Debtors' Motion for Entry of an Order (A) Directing Joint Administration of Chapter 11 Cases and (B) Granting Related Relief," dated May 19, 2021 [Docket No. 4], (the "Joint Administration Motion"),

    c.  "Motion of the Debtors for Entry of Interim and Final Orders (I) Approving Continued Use of Cash Management System; (II) Authorizing Banks to Honor Certain Transfers; (III) Suspending the Requirements of 11 U.S.C. § 345(b); (IV) Permitting the Debtors to Continue to Perform Intercompany Transactions; and (V) Granting Related Relief," dated May 19, 2021 [Docket No. 5], (the "Cash Management Motion"),

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Hospitality Investors Trust, Inc. (3668) and Hospitality Investors Trust Operating Partnership, L.P. (0136). The Debtors' executive offices are located at Park Avenue Tower, 65 East 55th Street, Suite 801, New York, NY 10022.

d. "Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay All Prepetition Trade and Other Unimpaired Claims in the Ordinary Course of Business, (II) Authorizing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations, and (III) Granting Related Relief," dated May 19, 2021 [Docket No. 6], (the "Trade Motion"),

e. "Joint Prepackaged Chapter 11 Plan for Hospitality Investors Trust, Inc., and Hospitality Investors Trust Operating Partnership, L.P.," dated May 18, 2021 [Docket No. 7], (the "Joint Plan"),

f. "Disclosure Statement for Joint Prepackaged Chapter 11 Plan for Hospitality Investors Trust, Inc., and Hospitality Investors Trust Operating Partnership, L.P.," dated May 18, 2021 [Docket No. 8], (the "Disclosure Statement"),

g. "Declaration of Stephenie Kjontvedt on Behalf of Epiq Corporate Restructuring, LLC Regarding Tabulation of Ballots Cast on the Joint Prepackaged Chapter 11 Plan for Hospitality Investors Trust, Inc. and Hospitality Investors Trust Operating Partnership, L.P," dated May 19, 2021 [Docket No. 9], (the "Kjontvedt Declaration"),

h. "Application of the Debtors for Entry of Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of Petition Date," dated May 19, 2021 [Docket No. 10], (the "Epiq 156(c) Application"),

i. "Motion of Debtors for Interim and Final Orders Authorizing Debtors to (I) Pay Certain Prepetition Wages and Reimbursable Expenses; (II) Pay and Honor Certain Employee Obligations; (III) Continue Employee Benefits Programs, and (IV) Granting Related Relief," dated May 19, 2021 [Docket No. 12], (the "Wages Motion"),

j. "Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in Hospitality Investors Trust, Inc.; and (II) Granting Related Relief," dated May 19, 2021 [Docket No. 14], (the "NOL Motion"),

k. "Debtors' Motion for Entry of an Order (I) Scheduling, and Shortening Notice of, Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Prepackaged Plan; (II) Approving Procedures for Objecting to Disclosure Statement and Prepackaged Plan; (III) Approving Prepetition Solicitation Procedures, Form of Ballot, and Form and Manner of Notice of Commencement, Combined Hearing, and Objection Deadline; (IV) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (V) Conditionally (A) Directing the U.S. Trustee Not to Appoint a Creditors Committee, (B) Directing the United States Trustee Not to Convene Section 341(a) Meeting of Creditors and (C) Waiving Requirement of Filing Schedules and Statements, List of Equity Security Holders, and Rule 2015.3 Reports; and (VI) Granting Related Relief," dated May 19, 2021 [Docket No. 15], (the "Scheduling Motion"),

l.  "Motion of the Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief," dated May 19, 2021 [Docket No. 16], (the "DIP Motion"),

m.  "Notice of Filing Revised Proposed Order (I) Scheduling, and Shortening the Notice for, Combined Hearing on Adequacy of Disclosure Statement and Confirmation of Pre-Packaged Plan; (II) Approving Procedures for Objecting to Disclosure Statement and Pre-Packaged Plan; (III) Approving Prepetition Solicitation Procedures and Form and Manner of Notice of Commencement, Combined Hearing, and Objection Deadline; (IV) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases; (V) Conditionally (A) Directing the U.S. Trustee Not to Appoint a Creditors Committee, (B) Directing the United States Trustee Not to Convene Section 341(a) Meeting of Creditors and (C) Waiving Requirement of Filing Schedules and Statements, List of Equity Security Holders, and Rule 2015.3 Reports; and (VI) Granting Related Relief," dated May 20, 2021 [Docket No. 36], (the "Revised Scheduling Notice"),

n.  "Notice of Filing Revised Proposed Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims; (II) Modifying the Automatic Stay; (III) Scheduling a Final Hearing; and (IV) Granting Related Relief," dated May 20, 2021 [Docket No. 37], (the "Revised DIP Notice"),

o.  "Order (A) Directing Joint Administration of Chapter 11 Cases and (B) Granting Related Relief," dated May 20, 2021 [Docket No. 39], (the "Joint Administration Order"),

p.  "Interim Order (I) Approving Continued Use of Cash Management System; (II) Authorizing Banks to Honor Certain Transfers; (III) Suspending the Requirements of 11 U.S.C. § 345(B); (IV) Permitting the Debtors to Continue to Perform Intercompany Transactions; and (V) Granting Related Relief," dated May 20, 2021 [Docket No. 40], (the "Interim Cash Management Order"),

q.  "Interim Order (I) Authorizing the Debtors to Pay All Prepetition Trade and Other Unimpaired Claims in the Ordinary Course of Business, (II) Authorizing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations, and (III) Granting Related Relief," dated May 20, 2021 [Docket No. 41], (the "Interim Trade Order"),

r.  "Order Appointing Epiq Corporate Restructuring, LLC as Claims and Noticing Agent Effective as of Petition Date," dated May 20, 2021 [Docket No. 42], (the "Epiq Order"),

s.  "Interim Order Authorizing Debtors to (I) Pay Certain Prepetition Wages and Reimbursable Expenses; (II) Pay and Honor Certain Employee Obligations; (III) Continue Employee Benefits Programs, and (IV) Granting Related Relief," dated May 20, 2021 [Docket No. 43], (the "Interim Wages Order"),

t.  "Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Proskauer Rose LLP as Attorneys for the Debtors and Debtors in Possession Effective as of the Petition Date," dated May 20, 2021 [Docket No. 45], (the "Proskauer Rose Application"),

u.  "Debtors' Application to Retain and Employ Potter Anderson & Corroon LLP as Co-Counsel to the Debtors and Debtors in Possession Pursuant to Section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, Effective as of the Petition Date," dated May 20, 2021 [Docket No. 46], (the "Potter Anderson Application"),

v.  "Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker for the Debtors and Debtors in Possession Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Effective as of the Petition Date and (II) Waiving Certain Time-Keeping Requirements," dated May 20, 2021 [Docket No. 47], (the "Jefferies Application"),

w.  "Application of the Debtors for Authority to Retain and Employ Epiq Corporate Restructuring, LLC as Administrative Advisor Effective as of Petition Date," dated May 20, 2021 [Docket No. 48], (the "Epiq Administrative Advisor Application"), and

x.  "Notice of (I) Commencement of Prepackaged Chapter 11 Bankruptcy Cases; (II) Combined Hearing on the Disclosure Statement, Confirmation of the Prepackaged Joint Plan of Reorganization, and Related Matters; and (III) Objection Deadlines and Summary of the Debtors' Prepackaged Joint Plan of Reorganization," dated May 21, 2021, (the "Combined Notice"), a copy of which is annexed hereto as Exhibit A,

by causing true and correct copies of the:

i.  Riggins Declaration, Joint Administration Motion, Cash Management Motion, Trade Motion, Joint Plan, Disclosure Statement, Kjontvedt Declaration, Epiq 156(c) Application, Wages Motion, NOL Motion, Scheduling Motion, DIP Motion, Revised Scheduling Notice, Revised DIP Notice, Joint Administration Order, Interim Cash Management Order, Interim Trade Order, Epiq Order, Interim Wages Order, Proskauer Rose Application, Potter Anderson Application, Jefferies Application, Epiq Administrative Advisor Application, and Combined Notice to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit B,

ii.   Cash Management Motion and Interim Cash Management Order to be enclosed securely in a separate postage pre-paid envelope and delivered via first class mail to a party listed on the annexed <u>Exhibit C</u>,

iii.   NOL Motion to be enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed <u>Exhibit D</u>,

iv.   Wages Motion and Wages Order to be enclosed securely in a separate postage pre-paid envelope and delivered via first class mail to a party listed on the annexed <u>Exhibit E</u>,

v.   Riggins Declaration, Joint Administration Motion, Cash Management Motion, Trade Motion, Joint Plan, Disclosure Statement, Kjontvedt Declaration, Epiq 156(c) Application, Wages Motion, NOL Motion, Scheduling Motion, DIP Motion, Revised Scheduling Notice, Revised DIP Notice, Joint Administration Order, Interim Cash Management Order, Interim Trade Order, Epiq Order, Interim Wages Order, Proskauer Rose Application, Potter Anderson Application, Jefferies Application, Epiq Administrative Advisor Application, and Combined Notice to be delivered via electronic mail to those parties listed on the annexed <u>Exhibit F</u>,

vi.   Cash Management Motion and Interim Cash Management Order to be delivered via electronic mail to those parties listed on the annexed <u>Exhibit G</u>,

vii.   NOL Motion to be delivered via electronic mail to those parties listed on the annexed <u>Exhibit H</u>, and

viii.   Wages Motion and Wages Order to be delivered via electronic mail to a party listed on the annexed <u>Exhibit I</u>.

3.   All envelopes utilized in the service of the foregoing contained the following legend: LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*/s/ Angharad Bowdler*
Angharad Bowdler

Sworn to before me this
21st day of May, 2021
*/s/ Amy E. Lewis*_____
Notary Public, State of Connecticut
Acct. No. 100624
Commission Expires: 8/31/2022

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| HOSPITALITY INVESTORS TRUST, INC., *et al.*,[1] | Case No. 21-10831 (CTG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11 BANKRUPTCY CASES; (II) COMBINED HEARING ON THE DISCLOSURE STATEMENT, CONFIRMATION OF THE PREPACKAGED JOINT PLAN OF REORGANIZATION, AND RELATED MATTERS; AND (III) OBJECTION DEADLINES AND SUMMARY OF THE DEBTORS' PREPACKAGED JOINT PLAN OF REORGANIZATION

TO:    ALL HOLDERS OF CLAIMS AGAINST, AND HOLDERS OF EQUITY INTERESTS IN, HOSPITALITY INVESTORS TRUST, INC. AND HOSPITALITY INVESTORS TRUST OPERATING PARTNERSHIP, L.P., AND ALL OTHER PARTIES IN INTERESTS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.

**NOTICE IS HEREBY GIVEN** as follows:

On May 19, 2021 (the "Petition Date"), Hospitality Investors Trust, Inc. and Hospitality Investors Trust Operating Partnership, L.P., as debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"): (a) petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); (b) the *Joint Prepackaged Chapter 11 Plan for Hospitality Investors Trust, Inc. and Hospitality Investors Trust Operating Partnership, L.P.* dated May 18, 2021 [ECF No. 7] (as it may be amended or modified, the "Plan"); and (c) the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan for Hospitality Investors Trust, Inc. and Hospitality Investors Trust Operating Partnership, L.P.* dated May 18, 2021 [ECF No. 8] (as it may be amended or modified, the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code.[2]  Additionally, attached to the Plan as Exhibit A is that certain *Contingent*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Hospitality Investors Trust, Inc. (3668); and Hospitality Investors Trust Operating Partnership, L.P. (0136).  The Debtors' executive offices are located at Park Avenue Tower, 65 East 55th Street, Suite 801, New York, NY 10022.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.  The statements contained herein are summaries of the provisions contained in the Disclosure Statement and the Plan and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein.  To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan, please refer to the Disclosure Statement.

*Value Rights Agreement*, to be entered into as of the Effective Date by and between HIT and the CVR Agent (as it may be amended or modified, the "CVR Agreement"), which will govern distributions under the Plan to holders of Existing HIT Common Equity Interests.

Copies of the Plan, Disclosure Statement, and all related exhibits, including the CVR Agreement, may be obtained upon request of the Debtors' proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court. **If you are the holder of a General Unsecured Claim against the Debtors, or the holder of Existing HIT Common Equity Interests, a summary of the Plan's treatment of your Claim and/or Existing HIT Common Equity Interests can be found below.** Please refer to the entire Plan, Disclosure Statement, and CVR Agreement for a complete description of the Plan's treatment of all Claims and Interests.

Parties may also obtain a copy of the Plan, Disclosure Statement, and all related exhibits, including the CVR Agreement, through Epiq Corporate Restructuring, LLC (the "Solicitation Agent") by: (i) accessing the Debtors' restructuring website at http://dm.epiq11.com/HospitalityInvestorsTrust; or (ii) emailing HITREITinfo@epiqglobal.com. If you have any questions about these Chapter 11 Cases or anything contained in this notice or the aforementioned documents, you may call the Solicitation Agent at the numbers listed below:

> **Toll Free U.S.**: (855) 654-0941
> **Non-U.S. Parties**: +1 (503) 597-7673

The Plan is a "prepackaged" plan of reorganization. The solicitation of votes on the Plan concluded pre-bankruptcy. **Only holders of Existing Preferred Equity Interests (Class 5) were entitled to vote on the Plan.** The Debtors believe that any alternative to confirmation of the Plan could result in significant delays, litigation, and additional costs and, ultimately, could jeopardize recoveries for holders of Allowed Claims and Interests.

## Information Regarding the Plan

**Voting Record Date/Deadline.** The voting record date for determining which holders of Class 5 Existing Preferred Equity Interests were entitled to vote on the Plan was May 17, 2021. The voting deadline was May 18, 2021. As of the voting deadline, all holders of Interests entitled to vote on the Plan, voted to accept the Plan.

**Objections to the Plan or Disclosure Statement.** The deadline for filing objections to the Plan or Disclosure Statement is **June 14, 2021, at 5:00 p.m., prevailing Eastern Time (the "Objection Deadline").** Any objection (each, an "Objection") must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Bankruptcy Local Rules for the District of Delaware; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be served so as to be actually received no later than the Objection Deadline by those parties who have filed a notice of appearance in the Debtors' chapter 11 cases as well as the following parties:

| | |
|---|---|
| **Debtors** | **Hospitality Investors Trust, Inc.**<br>Park Avenue Tower,<br>65 East 55th Street, Suite 801<br>New York, NY 10022<br>Attn: HIT Chapter 11 Notices<br>Email:  casenotices@hitreit.com |
| **Proposed Co-Counsel for the Debtors** | **Proskauer Rose LLP**<br>70 West Madison<br>Suite 3800<br>Chicago, IL 60602<br>Attn:  Jeff J. Marwil<br>(jmarwil@proskauer.com),<br>Paul V. Possinger<br>(ppossinger@proskauer.com), and<br>Jordan Sazant<br>(jsazant@proskauer.com)<br><br>- and -<br><br>Eleven Times Square<br>New York, NY 10036<br>Attn.:  Joshua A. Esses<br>(jesses@proskauer.com)<br><br>**Potter Anderson & Corroon LLP**<br>1313 North Market Street<br>Wilmington, DE 19801<br>Attn:  Jeremy W. Ryan<br>(jryan@potteranderson.com); and<br>R. Stephen McNeill<br>(rmcneill@potteranderson.com) |
| **Plan Sponsor or Brookfield Investor** | **Brookfield Strategic Real Estate Partners II Hospitality REIT II LLC**<br>250 Vesey Street, 11th Floor<br>New York, NY 10004<br>Attn:  BPG Transactions Legal<br>Email:  realestatenotices@brookfield.com |
| **Counsel to the Plan Sponsor or Brookfield Investor** | **Cleary Gottlieb Steen & Hamilton LLP**<br>One Liberty Plaza<br>New York, NY 10006<br>Attn:  Sean A. O'Neal (soneal@cgsh.com)<br><br>- and – |

**Young Conaway Stargatt & Taylor, LLP**
Rodney Square, 1000 King Street
Wilmington, DE 19801
Attn: Pauline K. Morgan
(pmorgan@ycst.com)

**United States Trustee**

**Office of the United States Trustee**
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Attn: Joseph J. McMahon, Jr.
(joseph.mcmahon@usdoj.gov)

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT. AS DESCRIBED BELOW, YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

### Summary of Plan Treatment

The following chart summarizes the classification of Claims and Interests under the Plan and the treatment, voting status, and estimated recovery under the Plan of each Class of Claims against and Interests in the Debtors. This chart is only a summary. Reference should be made to the entire Disclosure Statement and the Plan for a complete description.

| Class | Designation | Impairment | Entitled to Vote | Estimated Recovery |
|-------|-------------|------------|------------------|--------------------|
| 1 | Secured Claims | No | No | 100% |
| 2 | Unsecured Priority Claims | No | No | 100% |
| 3 | General Unsecured Claims | No | No | 100% |
| 4 | Intercompany Claims | No | No | 100% |
| 5 | 5A Existing HIT Preferred Interests | Yes | Yes | 0% |
|   | 5B Existing HITOP Preferred Interests | Yes | Yes | 11–62% |
| 6 | Existing HIT Common Equity Interests | Yes | No | 0%[3] |
| 7 | Intercompany Interests | No | No | 100% |

### Non-Voting Status of Holders of Certain Claims and Interests

As set forth above, all holders of Claims and of Existing HIT Common Equity Interests and Intercompany Interests are **not** entitled to vote on the Plan. As a result, such parties did not receive any ballots and other related solicitation materials in order to vote on the Plan. Claims and Interests in Classes 1, 2, 3, 4, and 7 are Unimpaired under the Plan, and therefore, are presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Each holder of an

---

[3] This estimate excludes the value, if any, of the CVRs, which are speculative and may ultimately have no or minimal value.

4

Allowed Interest in Class 5 is impaired and entitled to vote either to accept or to reject the Plan. Only those votes cast by holders of Allowed Interests in Class 5 were counted in determining whether acceptances have been received sufficient in number and amount to obtain Confirmation, and Class 5 has accepted the Plan. Holders of Class 6 Existing HIT Common Equity Interests in the Debtors are Impaired and shall receive no distribution under the Plan on account of such Interests (except for the CVRs) and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.

## Summary Treatment of General Unsecured Claims

On or as soon as reasonably practicable after the Effective Date, except to the extent that a holder of an Allowed General Unsecured Claim, together with the Debtors, agrees to a less favorable treatment, in full and final satisfaction, settlement, release, and discharge of, and in exchange for each Allowed General Unsecured Claim, each holder of an Allowed General Unsecured Claim shall (i) have its Allowed General Unsecured Claim reinstated, and paid in full, on the later to occur of the Effective Date or when such Allowed General Unsecured Claim becomes due in the ordinary course of the Debtors' or Reorganized Debtors' business operations or (ii) have its Allowed General Unsecured Claim otherwise rendered Unimpaired pursuant to section 1124 of the Bankruptcy Code.

## Summary Treatment of Existing HIT Common Equity Interests

On the Effective Date, the Allowed Existing HIT Common Equity Interests shall be cancelled, extinguished and discharged in exchange for each holder receiving one CVR in respect of each share of the Allowed Existing HIT Common Equity Interests outstanding immediately prior to the Effective Date and such holders shall be automatically deemed to have accepted the terms of the CVR Agreement and to be a party thereto, in each case in accordance with the terms of the CVR Agreement.

Notwithstanding the foregoing, the Plan Sponsor has agreed that, on the Effective Date, any Existing HIT Common Equity Interests held by the Plan Sponsor shall be deemed to be fully vested, and shall not entitle the Plan Sponsor to any distributions of CVRs.

"CVR" or "CVRs" means the contingent value rights of holders of Existing HIT Common Equity Interests, to receive contingent Cash payments pursuant to this Plan and the CVR Agreement.

## Discharge, Injunctions, Exculpation, and Releases

Please be advised that the Plan contains certain discharge, release, exculpation, and injunction provisions as follows:

## Discharge of Claims

Upon the Effective Date and in consideration of the Plan Distributions to be made under the Plan, except as otherwise expressly provided herein, each holder (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all

Claims, Interests, rights, and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such Entities shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Interest in the Debtors against the Debtors, the Reorganized Debtors, or any of their assets or property, whether or not such holder has filed a Proof of Claim and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

"Claim" means any "claim" as defined in section 101(5) of the Bankruptcy Code against the Debtors or property of the Debtors, including any Claim arising after the Petition Date.

"Entity" shall have the meaning set forth in section 101(15) of the Bankruptcy Code.

"Interest" means the interest (whether legal, equitable, contractual, or otherwise) of any holders of any class of Equity Securities of the Debtors, represented by shares of common or preferred stock, limited partnership interests or other instruments evidencing an ownership interest in the Debtors, whether or not certificated, transferable, voting or denominated "stock" or a similar security, or any option, warrant or right, contractual or otherwise, to acquire any such interest, including, for the avoidance of doubt, the (a) Existing HIT Common Equity Interests, (b) Incentive Equity Awards, (c) Existing Preferred Equity Interests, and (d) any Claim that is determined to be subordinated to the status of an Equity Security by Final Order of the Bankruptcy Court, whether under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise.

**Releases by Debtors**

**Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Confirmation Order, on and after the Effective Date, for good and valuable consideration, including their cooperation and contributions to the Chapter 11 Cases, the Released Parties shall be deemed released and discharged by the Debtors and their Estates from any and all Claims, obligations, debts, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing, or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal or state laws, or otherwise, including Avoidance Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise that the Debtors, their Estates or their affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity or that any holder of a Claim or Interest or other Entity would have been legally entitled to assert derivatively for or on behalf of the Debtors, or their Estates, based on, relating to or in any manner arising from, in whole or in part, the Debtors, their Estates, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Released Party, excluding any assumed Executory Contract or Unexpired Lease, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Restructuring Support Agreement, the Plan Supplement, the Exit Facility Agreement, the DIP Credit**

Agreement and other DIP Loan Documents, the Chapter 11 Cases, or, in each case, related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that is determined in a Final Order to have constituted willful misconduct (including, without limitation, actual fraud) or gross negligence; provided, that if any Released Party directly or indirectly brings or asserts any Claim or Cause of Action that has been released or is contemplated to be released pursuant to the Plan in any way arising out of or related to any document or transaction that was in existence prior to the Effective Date against any other Released Party, and such Released Party does not abandon such Claim or Cause of Action upon request, then the release set forth in the Plan shall automatically and retroactively be null and void ab initio with respect to the Released Party bringing or asserting such Claim or Cause of Action; provided, further that the immediately preceding proviso shall not apply to (i) any action by a Released Party in the Bankruptcy Court (or any other court determined to have competent jurisdiction), including any appeal therefrom, to prosecute the amount, priority, or secured status of any prepetition or ordinary course administrative Claim against the Debtors or (ii) any release or indemnification provided for in any settlement or granted under any other court order; provided that, in the case of (i) and (ii), the Debtors shall retain all defenses related to any such action.  Notwithstanding anything contained herein to the contrary, the foregoing release shall not release any obligation of any party under the Plan or any document, instrument, or agreement executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is:  (i) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (ii) in the best interests of the Debtors and all holders of Interests and Claims; (iii) fair, equitable and reasonable; (iv) given and made after due notice and opportunity for hearing; and (v) a bar to the Debtors asserting any claim, Cause of Action or liability related thereto, of any kind whatsoever, against any of the Released Parties or their property.

"Cause of Action" means any claims, interests, damages, remedies, causes of action, demands, rights, actions, suits, obligations, liabilities, accounts, defenses, offsets, powers, privileges, licenses, liens, indemnities, guaranties, and franchises of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, liquidated or unliquidated, secured or unsecured, assertable, directly or derivatively, matured or unmatured, suspected or unsuspected, in contract, tort, law, equity, or otherwise.  Causes of Action also include: (i) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by law; (ii) the right to object to or otherwise contest Claims or Interests; (iii) claims pursuant to sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; and (iv) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code.

"Released Parties" means (a) the Debtors, (b) the Non-Debtor Subsidiaries, (c) the Reorganized Debtors, (d) the Plan Sponsor, (e) the DIP Lender, (f) the DIP Agent, and (g) for each of the foregoing Entities in (a) through (f), each such Entity's (and each such Entity's current and former affiliates' and subsidiaries') predecessors, successors and assigns, current and former equity holders (regardless of whether such interests are held directly or indirectly), directors, officers, managers, principals, stockholders, shareholders, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals, each in their capacity as such; *provided*, however, that a holder of an Existing HIT Common Equity Interest, in such capacity, shall not be a Released Party.

## Releases by Releasing Parties

**Except as otherwise specifically provided in the Plan or the Confirmation Order, on and after the Effective Date, for good and valuable consideration, including the obligations of the Debtors under the Plan, the Plan Consideration and other contracts, instruments, releases, agreements, or documents executed and delivered in connection with this Plan, each Releasing Party shall be deemed to have consented to the Plan and the restructuring embodied herein for all purposes, and shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Released Parties from any and all Claims, Interests, obligations, debts, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, foreseen or unforeseen, asserted or unasserted, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal or state laws, or otherwise, including Avoidance Actions, those Causes of Action based on veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise that such Releasing Party would have been legally entitled to assert (whether individually or collectively), based on, relating to or in any manner arising from, in whole or in part, the Debtors, the Estates, the liquidation, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtors and any Releasing Party, excluding any assumed Executory Contract or Unexpired Lease, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Restructuring Support Agreement, the Plan Supplement, the DIP Credit Agreement and other DIP Loan Documents, the Exit Facility Agreement, the Existing Preferred Equity Interests, the Existing HIT Common Equity Interests, the New HIT Common Equity Interests, the New HITOP Interests, the Amended Constituent Documents, or, in each case, related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that is determined in a Final Order to have constituted willful misconduct (including, without limitation, actual fraud) or gross negligence; provided that any holder of a Claim or Interest that objects to the releases contained in the Plan shall not receive the benefit of the releases set forth in the Plan (even if for any reason otherwise entitled). Notwithstanding anything contained herein to the contrary, the foregoing release shall not**

release any obligation of any party (i) under the Plan or any document, instrument, or agreement executed to implement the Plan, (ii) under any Executory Contract or Unexpired Lease assumed under the Plan, or (iii) any contract or lease between a Non-Debtor Subsidiary and a Releasing Party.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases described in the Plan, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute its finding that each release described in the Plan is: (i) in exchange for the good and valuable consideration provided by the Released Parties, a good faith settlement and compromise of such Claims; (ii) in the best interests of the Debtors and all holders of Interests and Claims; (iii) fair, equitable, and reasonable; and (iv) given and made after due notice and opportunity for hearing..

"Releasing Parties" means collectively and solely in their capacity as such, (a) each Released Party, and (b) as to each of the foregoing Entities, each such Entity's (and each such Entity's current and former affiliates' and subsidiaries') predecessors, successors and assigns, current and former equity holders (regardless of whether such interests are held directly or indirectly), directors and officers (and any professionals for such directors and officers, in their capacity as such), managers, principals, stockholders, shareholders, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and other professionals; *provided* that the current or former directors, officers, managers, and employees of the Debtors shall not grant releases against the Debtors or Reorganized Debtors with respect to the Indemnification Agreements and Employee Arrangements; *provided further*, however, that a holder of an Existing HIT Common Equity Interest, in such capacity, shall not be a Releasing Party.

## Exculpation

On the Effective Date, except as otherwise provided in the Plan or the Confirmation Order, for good and valuable consideration, to the maximum extent permissible under applicable law, none of the Exculpated Parties shall have or incur any liability to any holder of any Claim or Interest or any other Person for any act or omission in connection with, or arising out of the Debtors' restructuring, including the negotiation, implementation and execution of the Plan, this Disclosure Statement, the Restructuring Support Agreement, the Plan Supplement, the Chapter 11 Cases, the solicitation of votes for and the pursuit of confirmation of this Plan, the consummation of this Plan, the administration of this Plan, or the property to be distributed under this Plan, including all documents ancillary thereto, all decisions, actions, inactions, and alleged negligence or misconduct relating thereto and all activities leading to the promulgation and confirmation of this Plan except for gross negligence or willful misconduct, each as determined by a Final Order of the Bankruptcy Court. For purposes of the foregoing, it is expressly understood that any act or omission effected with the approval of the Bankruptcy Court conclusively will be deemed not to constitute gross negligence or willful misconduct unless the approval of the Bankruptcy Court was obtained by fraud or misrepresentation, and in all respects, the applicable Persons

**shall be entitled to rely on the advice of counsel with respect to their duties and responsibilities under, or in connection with, the Chapter 11 Cases, the Plan, and administration thereof. The Exculpated Parties have, and upon confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the distributions of the securities pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

"Exculpated Parties" means collectively and solely in their capacity as such, (a) the Debtors, (b) the Plan Sponsor, (c) the DIP Lender, (d) the DIP Agent, and (e) for each of the foregoing Entities in (a) through (d), each such Entity's (and each such Entity's current and former affiliates' and subsidiaries') predecessors, successors and assigns, current and former equity holders (regardless of whether such interests are held directly or indirectly), directors, officers, managers, principals, stockholders, shareholders, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, managed accounts or funds, management companies, fund advisors, investment bankers, consultants, representatives, and all other retained Professional Persons (in each case solely to the extent serving in such capacity as of the Petition Date).

## Injunction

**(a)    Except as otherwise specifically provided in the Plan or the Confirmation Order, as of the Confirmation Date, but subject to the occurrence of the Effective Date, all Persons or Entities, and all other parties in interest, along with their present or former employees, agents, officers, directors, principals, representatives, and affiliates are, with respect to any Claims or Interests being released, exculpated, or discharged pursuant to this Plan, permanently enjoined after the Confirmation Date from: (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including any proceeding in a judicial, arbitral, administrative, or other forum) against or affecting the Debtors, their Estates or any of their property, wherever located, or any direct or indirect transferee of any property, wherever located, of, or direct or indirect successor in interest to, any of the foregoing Persons or any property, wherever located, of any such transferee or successor; (ii) enforcing, levying, attaching (including any pre-judgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, or their Estates or any of their property, wherever located, or any direct or indirect transferee of any property, wherever located, of, or direct or indirect successor in interest to, any of the foregoing Persons, or any property, wherever located, of any such transferee or successor; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors or their Estates or any of their property, wherever located, or any direct or indirect transferee of any property, of, or successor in interest to, any of the foregoing Persons; (iv) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan to the full extent permitted by applicable law (including, without limitation, commencing or continuing, in any manner or in any place, any action that does not comply with or is**

10

inconsistent with the provisions of the Plan) to the fullest extent permitted by applicable law; or (v) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtors or their Estates, or against the property or interests in property of the Debtors or their Estates.  Such injunction shall extend to any successors or assignees of the Debtors and their properties and interest in properties; *provided*, *however*, that nothing contained herein shall preclude such Persons from exercising their rights, or obtaining benefits, pursuant to and consistent with the terms of the Plan.

(b)    By accepting Plan Distributions, each holder of an Allowed Claim or Interest will be deemed to have specifically consented to the injunctions set forth in Section 12.6 of the Plan.

"Person" means any individual, corporation, partnership, association, indenture trustee, limited liability company, cooperative, organization, joint stock company, joint venture, estate, fund, trust, unincorporated organization, Governmental Unit or any political subdivision thereof, or any other entity or organization of whatever nature.

"Plan Distribution" means the distribution of the Plan Consideration under the Plan.

"Plan Consideration" means, with respect to any Class of Claims or Interests entitled to distributions under this Plan, one or more of Cash, CVRs, New HIT Common Equity Interests, or New HITOP Interests, as applicable.

### Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court (the "Combined Hearing") will be held via Zoom before the Honorable Craig T. Goldblatt, United States Bankruptcy Judge of the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 2, Wilmington, DE 19801, on **June 23, 2021, at 11:00 a.m., prevailing Eastern Time**.  Please be advised that, subject to the terms and conditions of the Restructuring Support Agreement, the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or in the filing of a notice or a hearing agenda in these Chapter 11 Cases with the Bankruptcy Court and served on other parties entitled to notice.

*[Remainder of page intentionally left blank]*

Dated: May 21, 2021
      Wilmington, Delaware

Respectfully submitted,

**POTTER ANDERSON & CORROON LLP**

*/s/ Jeremy W. Ryan*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
1313 North Market Street
Wilmington, DE 19801
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192
Email: jryan@potteranderson.com
       rmcneill@potteranderson.com

-and-

**PROSKAUER ROSE LLP**
Jeff J. Marwil (*pro hac vice* pending)
Paul V. Possinger (*pro hac vice* pending)
Jordan E. Sazant (DE Bar No. 6515)
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone:  (312) 962-3550
Facsimile:  (312) 962-3551
Email: jmarwil@proskauer.com
      ppossinger@proskauer.com
      jsazant@proskauer.com

-and-

**PROSKAUER ROSE LLP**
Joshua A. Esses (*pro hac vice* pending)
Eleven Times Square
New York, NY 10036
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900
Email:  jesses@proskauer.com

*Proposed Attorneys for Debtors and Debtors in Possession*

**EXHIBIT B**

| Claim Name | Address Information |
|---|---|
| ALBUQUERQUE PLUMBING HEATING & COOLING | ATTN: PRESIDENT/GENERAL COUNSEL 4300 SECOND STREET NW ALBUQUERQUE NM 87107 |
| ARCTIC ENGINEERING CO., INC. | ATTN: MARIA ARDAGNA 79 MAIN STREET EVERETT MA 02149 |
| BROOKFIELD INVESTOR (DIP LENDER) | C/O CLEARY GOTTLIEB STEEN & HAMILTON LLP ATTN: SEAN O'NEAL AND KARA A. HAILEY ONE LIBERTY PLAZA NEW YORK NY 10006 |
| BROOKFIELD INVESTOR (DIP LENDER) | C/O YOUNG CONAWAY STARGATT & TAYLOR, LLP ATTN: PAULINE K. MORGAN 1000 KING ST WILMINGTON DE 19801 |
| CAPITOL DOCUMENT SOLUTIONS LLC | ATTN: PRESIDENT/GENERAL COUNSEL 12115 L PARKLAWN DRIVE ROCKVILLE MD 20852 |
| CC6 INVESTMENT LTD. | C/O BLACKROCK REAL ASSETS – REAL ESTATE ATTN: DAVID KELLY 40 EAST 52ND STREET NEW YORK NY 10022 |
| CC6 INVESTMENT LTD. | C/O BLACKROCK REAL ASSETS – REAL ESTATE ATTN: LAUREN LEIZMAN 40 EAST 52ND STREET NEW YORK NY 10022 |
| CC6 INVESTMENT LTD. | C/O BLACKROCK REAL ASSETS – REAL ESTATE ATTN: PAUL HOROWITZ 40 EAST 52ND STREET NEW YORK NY 10022 |
| CC6 INVESTMENT LTD. | C/O DECHERT LLP ATTN: MATTHEW B. GINSBURG 2929 ARCH STREET PHILADELPHIA PA 19104-2808 |
| CC6 INVESTMENT LTD. | C/O DECHERT LLP ATTN: STEVEN G. KALNOKI 2929 ARCH STREET PHILADELPHIA PA 19104-2808 |
| CC6 INVESTMENT LTD. | C/O MIDLAND LOAN SERVICES ATTN: JESSICA M. LOYD-MULLINS 10851 MASTIN, SUITE 300 OVERLAND PARK KS 66210 |
| CC6 INVESTMENT LTD. | C/O MIDLAND LOAN SERVICES ATTN: MARGARET DEGROAT; RYAN HAGER 10851 MASTIN, SUITE 300 OVERLAND PARK KS 66210 |
| CITIBANK, N.A., ADMIN/COLLATERAL AGENT | ATTN: DAVID K. BOUTON 388 GREENWICH STREET, 8TH FLOOR NEW YORK NY 10013 |
| CITIBANK, N.A., ADMIN/COLLATERAL AGENT | C/O CITIGROUP GLOBAL MARKETS INC. ATTN: MICHAEL PICCIRILLO 388 GREENWICH STREET, 8TH FLOOR NEW YORK NY 10013 |
| CITIBANK, N.A., ADMIN/COLLATERAL AGENT | C/O CITIGROUP GLOBAL MARKETS INC. ATTN: SAAD ZAMAN 388 GREENWICH STREET, 8TH FLOOR NEW YORK NY 10013 |
| CITIBANK, N.A., ADMIN/COLLATERAL AGENT | C/O KEY BANK ATTN: SANJAY J. PATEL 11501 OUTLOOK ST. SUITE 300 OVERLAND PARK KS 66211 |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | COUNSEL TO THE BROOKFIELD INVESTOR ATTN: SEAN O'NEAL AND KARA A. HAILEY ONE LIBERTY PLAZA NEW YORK NY 10006 |
| DALTON SERVICE, INC. | ATTN: PRESIDENT/GENERAL COUNSEL 1220 SOUTH THORNTON AVE PO BOX 968 DALTON GA 30722-0968 |
| DELAWARE DIVISION OF REVENUE | ATTN: ZILLAH FRAMPTON 820 N. FRENCH STREET WILMINGTON DE 19801 |
| DELAWARE STATE TREASURY | 820 SILVER LAKE BLVD., SUITE 100 DOVER DE 19904 |
| DISTRICT OF DELAWARE | HERCULES BUILDING U.S. ATTORNEYS OFFICE 1313 N MARKET STREET WILMINGTON DE 19801 |
| FRIEDRICH AIR CONDITIONING CO. LTD | ATTN: PRESIDENT/GENERAL COUNSEL 10001 REUNION PL 500 SAN ANTONIO TX 78216 |
| GUEST SUPPLY LLC | ATTN: PRESIDENT/GENERAL COUNSEL 300 DAVIDSON AVENUE SOMERSET NJ 08875 |
| HUNTON ANDREWS KURTH LLP | ATTN: WENDELL L. TAYLOR 2200 PENNSLYVANIA AVENUE NW WASHINGTON DC 20037 |
| INTERNAL REVENUE SERVICES | CENTRALIZED INSOLVENCY OPERATION PO BOX 7346 PHILADELPHIA PA 19101-7346 |
| INTERNAL REVENUE SERVICES | DEPARTMENT OF THE TREASURY 1500 PENNSYLVANIA AVENUE, N.W. WASHINGTON DC 20220 |
| KEITH LAWSON SERVICES, LLC | ATTN: PRESIDENT/GENERAL COUNSEL 4557 CAPITAL CIR NW TALLAHASSEE FL 32303 |
| LEGACY HEATING & AIR CONDITIONING | ATTN: PRESIDENT/GENERAL COUNSEL 6502 BLUFFTON ROAD FORT WAYNE IN 46809 |
| LG FULFILLMENT-PONTE VEDRA BEACH FLORIDA | ATTN: PRESIDENT/GENERAL COUNSEL 1102 A1A NORTH, SUITE 205 PONTE VEDRA BEACH FL 32082 |
| MARYLAND MECHANICAL SYSTEMS INC. | ATTN: PRESIDENT/GENERAL COUNSEL 300 SOUTH HAVEN STREET BALTIMORE MD 21224 |
| NC GARNET FUND, L.P. | C/O BLACKROCK REAL ASSETS – REAL ESTATE ATTN: DAVID KELLY 40 EAST 52ND STREET NEW YORK NY 10022 |
| NC GARNET FUND, L.P. | C/O BLACKROCK REAL ASSETS – REAL ESTATE ATTN: LAUREN LEIZMAN 40 EAST 52ND STREET NEW YORK NY 10022 |
| NC GARNET FUND, L.P. | C/O BLACKROCK REAL ASSETS – REAL ESTATE ATTN: PAUL HOROWITZ 40 EAST 52ND STREET NEW YORK NY 10022 |

| Claim Name | Address Information |
|---|---|
| NC GARNET FUND, L.P. | C/O DECHERT LLP ATTN: MATTHEW B. GINSBURG 2929 ARCH STREET PHILADELPHIA PA 19104-2808 |
| NC GARNET FUND, L.P. | C/O DECHERT LLP ATTN: STEVEN G. KALNOKI 2929 ARCH STREET PHILADELPHIA PA 19104-2808 |
| NC GARNET FUND, L.P. | C/O MIDLAND LOAN SERVICES ATTN: JESSICA M. LOYD-MULLINS 10851 MASTIN, SUITE 300 OVERLAND PARK KS 66210 |
| NC GARNET FUND, L.P. | C/O MIDLAND LOAN SERVICES ATTN: MARGARET DEGROAT; RYAN HAGER 10851 MASTIN, SUITE 300 OVERLAND PARK KS 66210 |
| NONGHYUP BANK, AS THE TRUSTEE | C/O KEYBANK REAL ESTATE CAPITAL ATTN: LAUREN HOLDERMAN 1200 ABERNATHY RD STE 1550 ATLANTA GA 30328-5601 |
| NONGHYUP BANK, AS THE TRUSTEE | C/O KEYBANK SPECIAL SERVICING ATTN: MIKE JENKINS 11501 OUTLOOK STREET, SUITE 300 OVERLAND PARK KS 66211 |
| NONGHYUP BANK, AS THE TRUSTEE | C/O KEYCORP R.E. CAPITAL MARKETS, INC. ATTN: SETH A. SMITH 11501 OUTLOOK STREET, SUITE 300 OVERLAND PARK KS 66211 |
| OFFICE OF THE UNITED STATES ATTORNEY | DISTRICT OF DELAWARE ATTN: DAVID C. WEISS C/O ELLEN SLIGHTS 1313 N. MARKET STREET WILMINGTON DE 19801 |
| OFFICE OF THE UNITED STATES TRUSTEE | ATTN: JOSEPH J. MCMAHON, JR. 844 KING ST STE 2207 LOCKBOX 35 WILMINGTON DE 19801 |
| PEACH STATE ROOFING, INC. | ATTN: PRESIDENT/GENERAL COUNSEL 1655-A SPECTRUM DRIVE LAWRENCEVILLE GA 30043 |
| POWER OUTAGE SERVICES COMPANY, LLC | ATTN: PRESIDENT/GENERAL COUNSEL 461 BOSTON STREET UNIT E1 TOPSFIELD MA 01983 |
| SECRETARY OF STATE | DIVISION OF CORPORATIONS FRANCHISE TAX PO BOX 898 DOVER DE 19903 |
| SECURITIES & EXCHANGE COMM-NY OFFICE | ATTN: BANKRUPTCY DEPARTMENT 200 VESEY STREET, SUITE 400 NEW YORK NY 10281 |
| SECURITIES & EXCHANGE COMM-PHILA. OFFICE | ATTN: BANKRUPTCY DEPARTMENT ONE PENN CENTER 1617 JFK BOULEVARD, SUITE 520 PHILADELPHIA PA 19103 |
| SECURITIES & EXCHANGE COMMISSION | 100 F STREET, NE WASHINGTON DC 20549 |
| STATE OF CALIFORNIA ATTORNEY GENERAL | ATTN: XAVIER BECERRA PO BOX 944255 SACRAMENTO CA 94244-2550 |
| STATE OF CALIFORNIA ATTORNEY GENERAL | ATTN: XAVIER BECERRA 1300 I ST, STE 1740 SACRAMENTO CA 95814-2919 |
| STATE OF MARYLAND ATTORNEY GENERAL | ATTN: BRIAN E. FROSH 200 ST PAUL PLACE BALTIMORE MD 21202 |
| STATE OF NEW YORK ATTORNEY GENERAL | ATTN: LETITIA A. JAMES DEPT. OF LAW THE CAPITOL, 2ND FL ALBANY NY 12224-0341 |
| STATE OF VIRGINIA ATTORNEY GENERAL | ATTN: MARK R. HERRING 202 N NINTH ST RICHMOND VA 23219 |
| TRIMONT REAL ESTATE ADVISORS LLC | C/O THOMPSONKNIGHT ATTN: MICHAEL V. BLUMENTHAL 900 THIRD AVENUE, 20TH FLOOR NEW YORK NY 10022 |
| U.S. BANK, N.A., AS TRUSTEE | C/O MIDLAND LOAN SERVICES ATTN: ANDY RAMSEY; DOUG BONCZYNSKI 10851 MASTIN, SUITE 300 OVERLAND PARK KS 66210 |
| U.S. BANK, N.A., AS TRUSTEE | C/O POLSINELLI PC ATTN: MICHAEL B. HICKMAN 1401 LAWRENCE STREET, SUITE 2300 DENVER CO 80202 |
| U.S. DEPARTMENT OF JUSTICE | ATTN: BANKRUPTCY DEPT 950 PENNSYLVANIA AVENUE, NW WASHINGTON DC 20530-0001 |
| WELLS FARGO BANK, N.A. AS TRUSTEE | C/O KEYBANK REAL ESTATE CAPITAL ATTN: LAUREN HOLDERMAN 1200 ABERNATHY RD STE 1550 ATLANTA GA 30328-5601 |
| WELLS FARGO BANK, N.A. AS TRUSTEE | C/O KEYBANK SPECIAL SERVICING ATTN: MIKE JENKINS 11501 OUTLOOK STREET, SUITE 300 OVERLAND PARK KS 66211 |
| WELLS FARGO BANK, N.A. AS TRUSTEE | C/O KEYCORP R.E. CAPITAL MARKETS, INC. ATTN: SETH A. SMITH 11501 OUTLOOK STREET, SUITE 300 OVERLAND PARK KS 66211 |
| WILMINGTON TRUST, N.A., AS TRUSTEE | C/O WELLS FARGO BANK COMMERCIAL MORTGAGE ATTN: REGGIE SMITH 401 S. TRYON STREET, 8TH FLOOR CHARLOTTE NC 28202 |
| WILMINGTON TRUST, N.A., AS TRUSTEE | C/O WELLS FARGO COMMERCIAL MORTGAGE ATTN: JOSEPH OLZEWSKI 401 SOUTH TRYON STREET, 8TH FLOOR CHARLOTTE NC 28202 |
| WILMINGTON TRUST, N.A., AS TRUSTEE | C/O LNR PARTNERS, LLC ATTN: JOSEF BITTMAN, ASSET MANAGER 1601 WASHINGTON AVENUE, SUITE 700 MIAMI BEACH FL 33139 |

**Claim Name**                          **Address Information**

Total Creditor count  63

**EXHIBIT C**

| Claim Name | Address Information |
|---|---|
| WELLS FARGO BANK, N.A. | ATTN: KEITH SMITH 401 S. TRYON STREET 23RD FL. CHARLOTTE NC 28202 |

**Total Creditor count  1**

# EXHIBIT D

| Claim Name | Address Information |
|---|---|
| COMPUTERSHARE HOLDING ACCOUNT | C/O CORPORATE ACTIONS 150 ROYALL ST CANTON MA 02021 |
| COMPUTERSHARE, INC. | DEPT CH 19228 PALATINE IL 60055-9228 |

**Total Creditor count  2**

**EXHIBIT E**

| Claim Name | Address Information |
|---|---|
| INSPERITY | C/O GREENBERG TRAURIG ATTN: KARL BURRER 1000 LOUISIANA ST STE 1700 HOUSTON TX 77002 |

**Total Creditor count  1**

**EXHIBIT F**

HOSPITALITY INVESTORS
TRUST, INC., et al., Case No. 21-10831 (CTG)
Electronic Mail Master Service List

| Creditor Name | Email Address |
| --- | --- |
| BROOKFIELD INVESTOR (DIP LENDER) | pmorgan@ycst.com; |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | soneal@cgsh.com; khailey@cgsh.com; hokim@cgsh.com; tjrusso@cgsh.com;; |
| DELAWARE DIVISION OF REVENUE | fasnotify@state.de.us; |
| DELAWARE STATE TREASURY | statetreasurer@state.de.us; |
| DISTRICT OF DELAWARE | usade.press@usdoj.gov; |
| HOSPITALITY INVESTORS TRUST | casenotices@hitreit.com; |
| OFFICE OF THE UNITED STATES ATTORNEY | usade.ecfbankruptcy@usdoj.gov; ellen.slights@usdoj.gov; |
| OFFICE OF THE UNITED STATES TRUSTEE | joseph.mcmahon@usdoj.gov; |
| SECRETARY OF STATE | dosdoc_ftax@state.de.us; dosdoc_bankruptcy@state.de.us; |
| SECURITIES & EXCHANGE COMMISSION | help@sec.gov; |
| SECURITIES & EXCHANGE COMM - NY OFFICE | bankruptcynoticeschr@sec.gov; nyrobankruptcy@sec.gov; bankruptcynoticeschr@sec.gov; |
| SECURITIES & EXCHANGE COMM - PHILA. OFFICE | secbankruptcy@sec.gov; philadelphia@sec.gov; |
| STATE OF MARYLAND ATTORNEY GENERAL | oag@oag.state.md.us; |
| TRIMONT REAL ESTATE ADVISORS LLC (DIP AGENT) | michael.blumenthal@tklaw.com; |
| U.S. DEPARTMENT OF JUSTICE | civil.feedback@usdoj.gov; |
| ALBUQUERQUE PLUMBING HEATING & COOLING | info@abqplumbing.com; |
| CAPITOL DOCUMENT SOLUTIONS LLC | info@capitolds.com; |
| CC6 INVESTMENT LTD. | paul.horowitz@blackrock.com; |
| CC6 INVESTMENT LTD. | lauren.leizman@blackrock.com; |
| CC6 INVESTMENT LTD. | david.kelly@blackrock.com; |
| CC6 INVESTMENT LTD. | steven.kalnoki@dechert.com; |
| CC6 INVESTMENT LTD. | matthew.ginsburg@dechert.com; |
| CC6 INVESTMENT LTD. | margaret.degroat@midlandls.com; |
| CITIBANK, N.A., ADMIN/COLLATERAL AGENT | david.bouton@citi.com; |
| CITIBANK, N.A., ADMIN/COLLATERAL AGENT | saad.zaman@citi.com; |
| CITIBANK, N.A., ADMIN/COLLATERAL AGENT | michael.piccirillo@citi.com; |
| CITIBANK, N.A., ADMIN/COLLATERAL AGENT | sanjay_j_patel@keybank.com; |
| FRIEDRICH AIR CONDITIONING CO. LTD | tac@friedrich.com; |
| GUEST SUPPLY LLC | info@guestworldwide.com; |
| HUNTON ANDREWS KURTH LLP | wtaylor@huntonak.com; |
| KEITH LAWSON SERVICES, LLC | service@keithlawson.com; |
| LEGACY HEATING & AIR CONDITIONING | admin@legacyheating.com; v.griffin@legacyheating.com; |
| LG FULFILLMENT-PONTE VEDRA BEACH FLORIDA | sales@lgfulfillment.com; |
| MARYLAND MECHANICAL SYSTEMS INC. | info@marymec.com; |
| NC GARNET FUND, L.P. | paul.horowitz@blackrock.com; |
| NC GARNET FUND, L.P. | lauren.leizman@blackrock.com; |
| NC GARNET FUND, L.P. | david.kelly@blackrock.com; |
| NC GARNET FUND, L.P. | steven.kalnoki@dechert.com; |
| NC GARNET FUND, L.P. | matthew.ginsburg@dechert.com; |
| NC GARNET FUND, L.P. | margaret.degroat@midlandls.com; |
| NONGHYUP BANK, AS THE TRUSTEE | lauren.holderman@key.com; |
| NONGHYUP BANK, AS THE TRUSTEE | mike_jenkins@keybank.com; |
| NONGHYUP BANK, AS THE TRUSTEE | seth_a_smith@keybank.com; |
| PEACH STATE ROOFING, INC. | info@peachstateinc.com; |
| POWER OUTAGE SERVICES COMPANY, LLC | info@powerout.us; |
| U.S. BANK, N.A., AS TRUSTEE | andrew.ramsey@midlandls.com; doug.bonczynski@pnc.com; eric.domino@midlandls.com; shane.d.hill@midlandls.com; |
| U.S. BANK, N.A., AS TRUSTEE | mhickman@polsinelli.com; |
| WELLS FARGO BANK, N.A. AS TRUSTEE | lauren.holderman@key.com; |
| WELLS FARGO BANK, N.A. AS TRUSTEE | mike_Jenkins@keybank.com; |
| WELLS FARGO BANK, N.A. AS TRUSTEE | seth_a_smith@keybank.com; |
| WILMINGTON TRUST, N.A., AS TRUSTEE | jbittman@lnrpartners.com; |
| WILMINGTON TRUST, N.A., AS TRUSTEE | reggie.smith@wellsfargo.com; john-david.vanderwerf@wellsfargo.com; |
| WILMINGTON TRUST, N.A., AS TRUSTEE | joseph.j.olzewski@wellsfargo.com; |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP | pmorgan@ycst.com; jchapman@ycst.com; ajacobs@ycst.com; |

**EXHIBIT G**

**Hospitality Investors Trust, Inc.**
Case No. 21-10831
Banks Email List

| Creditor Name | Email Address |
|---|---|
| WELLS FARGO BANK, N.A. | keith.smith2@wellsfargo.com |

# EXHIBIT H

**Hospitality Investors Trust, Inc.**
Case No. 21-10831
Transfer Agent Email List

| Creditor Name | Email Address |
|---|---|
| COMPUTERSHARE HOLDING ACCOUNT | paul.devin@computershare.com;<br>karen.carlson@computershare.com;<br>web.queries@computershare.com |
| COMPUTERSHARE, INC. | paul.devin@computershare.com;<br>karen.carlson@computershare.com;<br>web.queries@computershare.com |

**EXHIBIT I**

**Hospitality Investors Trust, Inc.**
Case No. 21-10831
Insperity Email List

| Creditor Name | Email Address |
|---|---|
| INSPERITY C/O GREENBERG TRAURIG | burrerk@gtlaw.com |